**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| STEVEN KELLY, THANH PHAN, AND THOMAS JENSEN,<br><br>Plaintiffs,<br><br>v.<br><br>TODD BLANCHE, Attorney General of the United States,<br><br>Defendant. | Case No. 26-CV-3365 (NEB/DJF)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION |

Plaintiffs are confined under 18 U.S.C. § 4246 at the Federal Medical Center in Rochester, Minnesota. (ECF No. 1, at 5.) In July 2026, Plaintiffs filed a handwritten complaint against Attorney General Todd Blanche. (*Id.*) The Complaint contains excerpts from the constitution, federal statutes, and judicial opinions and presents certain questions to the Court.

In a Report and Recommendation ("R&R") dated October 27, 2026, United States Magistrate Judge Dulce J. Foster recommended that this Court dismiss Plaintiffs' suit for failure to state a claim. (ECF No. 29.) Kelly objected (ECF No. 35), and this Court reviews the R&R *de novo*. After Judge Foster issued the R&R, Kelly filed another pleading titled "motion for leave to file an amendment to a motion and to the main body of the complaint." (ECF No. 30.) The Court will take up both the objection and the motion to amend here. Because this Court agrees that the Plaintiffs have not established a claim in their pleadings, the Court accepts the R&R and dismisses this case without prejudice. The Court also denies the motion to amend as futile.

## ANALYSIS

Plaintiffs submitted their application to proceed *in forma pauperis* (ECF Nos. 2, 10, 11) The federal statute governing IFP proceedings provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 18 U.S.C. § 1915(e)(2).

There are two types of frivolous actions: legal and factual. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally frivolous when it built on an "indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous when those allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations omitted).

To avoid dismissal, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the factual allegations need not be detailed, they must rise "above the speculative level" and provide more than mere conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Plaintiffs are *pro se*, their complaint must be "construed liberally" and "held to less stringent standards" than a complaint filed by an attorney. *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified).

As Judge Foster noted, the Complaint is difficult to follow. (ECF No. 29, at 3.) The R&R carefully dissected the Complaint's claims and construed it liberally. Even so, the complaint must still allege enough facts to state a claim, and the R&R's conclusion on this front is correct *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

*First*, Plaintiffs sue the Attorney General for money damages. As Judge Foster notes, money damages against the Attorney General must be dismissed. If Plaintiffs sue the Attorney General in his personal capacity, that suit is inappropriate as nothing in the complaint alleges Mr. Blanche's personal acts or omissions caused Plaintiffs any harms. Similarly, any claims against the Attorney General in his official capacity must be dismissed because the United States is immune from suit without its consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Any such waiver of sovereign immunity "must be unequivocally expressed in statutory text" and construed strictly in the government's favor. *Lane v. Peña*, 518 U.S. 187, 192 (1996). There are no statutes in which the United States waives its sovereign immunity from the monetary damages the Plaintiffs seek.

*Second*, Plaintiffs seek that the Court release them from all forms of custody. (ECF No. 24, at 1.) A civil suit like this is not the appropriate vehicle for such a claim. Any lawsuit challenging the fact or duration of confinement must proceed through a petition for habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

*Third*, the remainder of Plaintiffs' claims are frivolous. Plaintiffs claim that the Bail Reform Act and the Speedy Trial Act limit the duration of their commitment. But the Bail Reform Act applies to pretrial detainees who awaits a judicial proceeding or a trial. 18 U.S.C. §§ 3141(a); 3142(a), (f). The Speedy Trial Act determines the time frame for when a trial must begin for a defendant charged by information or indictment. 18 U.S.C. § 3161(c)(1), (h)(4). None of these apply to Plaintiffs who are confined under 18 U.S.C. § 4246.

Plaintiffs' objections to the R&R are largely a regurgitation of their Complaint. (ECF No. 35.) To the extent the Court can make out their arguments, Plaintiffs state that

they have a right under the First Amendment of the United States Constitution to file redress of grievance against the United States, and thereby sidestepping sovereign immunity. (*Id.* at 4.) While it is true the First Amendment does provide the right to petition the government, that right does not guarantee a specific outcome or require officials to act on their petition. On the other hand, sovereign immunity, as discussed above, bars lawsuits against the United States without prior consent.

Plaintiffs also argue that "this is a clear case of a 'Bill of Attainder" because "the individualized judicial hearing that is being referred to is sealed" under Rule 12.2 of the Federal Rules of Criminal Procedure. (ECF No. 35, at 5.) As Judge Foster stated, a bill of attainder is "a law that legislatively determines guilt and inflicts publishment upon an identifiable individual" without due process of law. *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468–69 (1977). None of the statutes the Plaintiffs raises is a bill of attainder. Each of those theories is meritless.

Lastly, Plaintiffs' motion to amend seeks to add two paragraphs to the complaint. As far as the Court can tell, the additional paragraphs argue that "the Judicial Power of an Article III Court Does not exist, it should not be a factor because the Indictment has been satifide." (sic) (ECF No. 30-1.) Because motion to amend would be futile, that motion is denied. *Zutz v. Nelson*, 601 F.3d 842, 850–51 (8th Cir. 2010) (citations modified) (denying leave to amend on the basis of futility means that the court "has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss" under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Judge Foster's Report and Recommendation (ECF No. 29) is ACCEPTED;

2. The motions for class certification (ECF No. 21) and appointment of a class representative (ECF No. 23-2) are DENIED;

3. Plaintiffs' complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE;

4. Plaintiffs' motion for leave to amend the complaint (ECF No. 30) is DENIED; and

5. The remaining pending motions and applications (ECF Nos. 2–3, 10–11 and 16) are DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 24, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge